**Frankie L. MALONE, Plaintiff,**

v.

**KITCHENS OF SARA LEE, and the Bakery, Confectionary and Tobacco Workers Union Number 2, Defendants.**

**No. 85 C 2227.**

United States District Court, N.D. Illinois, E.D.

July 19, 1985.

Leonard Litwin, Chicago, Ill., for plaintiff.

Gerald C. Peterson, Winston & Strawn, Chicago, Ill., for defendant Kitchens of Sara Lee.

Edwin H. Benn, Donald W. Cohen, Asher, Pavalon, Gittler & Greenfield, Ltd., Chicago, Ill., for defendant Bakery Confectionary and Tobacco Workers Union No. 2.

FACTS

BUA, District Judge.

Before the Court is the plaintiff's motion, pursuant to Fed.R.Civ.P. 59, for reconsideration following this Court's dismissal order of May 7, 1985. Plaintiff was discharged from his employment at defendant Kitchens of Sara Lee on February 29, 1984. Subsequently, plaintiff contacted his union, and on March 30, 1984 the union sent plaintiff a letter stating that his dismissal resulted from an accumulation of six points under the Attendance Rules of the Kitchens of Sara Lee. The union went on to say that their collective bargaining agreement

carries no provision which allows it to implement the Grievance Procedure in situations which involve terminations under the Attendance Rules.

Almost one year later, on February 19, 1985, plaintiff filed his complaint in federal court alleging wrongful discharge against the employer and breach of the duty of fair representation against the union. In his complaint, the plaintiff alleges that the true reason for his discharge was that he became eligible for retirement benefits in October 1984.

## DISCUSSION

A dismissal was ordered in this case on the basis of the six-month statute of limitations applicable to an employee suit brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, (LMRA), alleging the employer's breach of its duty of fair representation. *Del Costello v. I.B.T.*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The plaintiff argues that the six-month rule should not bar his claim because he alleges wrongful discharge as a tort, but not as a breach of the labor contract. The threshold question is whether the alleged wrongful discharge is a tort or a breach of the collective bargaining agreement, which falls within § 301 of the LMRA. If the alleged wrongful discharge falls within § 301 of the LMRA, it is barred by the six-month statute of limitations determined in *Del Costello, supra.*

A recent Supreme Court case involved the question of whether the state law tort of wrongful discharge was preempted by § 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck,* — U.S. —, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In that case, the employee claimed that the employer and its insurance carrier exercised bad faith in the manner in which they handled a disability claim filed by Lueck under the collective bargaining agreement. The dispute arose in Wisconsin where the act of "bad faith handling of an insurance claim" is recognized as a tort. Lueck never attempted to grieve his dispute through the collective bargaining agreement proce-

dures. Instead, he filed suit against the employer and insurance company in state court claiming the bad faith insurance tort. The Supreme Court held that, when resolution of a state law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, the claim must either be treated as a § 301 claim or dismissed as preempted by federal labor contract law. *Lueck, supra,* — U.S. at —, 105 S.Ct. at 1916. The *Lueck* court reasoned:

> Since nearly any alleged willful breach of contract can be restated as a tort claim for breach of a good faith obligation under a contract, the arbitrator's role in every case could be bypassed easily if § 301 is not understood to preempt such claims. Claims involving vacation or overtime pay, work assignment, unfair discharge—in short, the whole range of disputes traditionally resolved through arbitration could be brought in the first instance in state court by a complaint in tort rather than in contract. A rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness, (citation omitted) as well as eviscerate a central tenet of federal labor contract law under § 301 that it is the arbitrator, not the Court, who has the responsibility to interpret the labor contract in the first instance.

*Id.* at —, 105 S.Ct. at 1915.

In this case, as in *Lueck,* the Court finds that the plaintiff's claim for wrongful discharge is preempted by § 301 of LMRA. Under the analysis in *Lueck,* absenteeism is a provision of the collective bargaining agreement (§ 10.05) and is therefore subject to the grievance procedures contained therein. Although the plaintiff did contact the union regarding his dismissal, the union refused to implement the grievance procedure on his behalf. It is not clear to the Court why the union did not pursue this dispute. However, the six-month statute of limitations set out in *Del Costello* governs claims against both the employer and the union. *Del Costello, supra,* 462 U.S. at

152, 103 S.Ct. at 2284. Therefore, both of these claims must be dismissed as untimely filed.

### CONCLUSION

For the reasons stated above, plaintiff's motion for reconsideration is denied.